FILED
SEP 30 2009
Clerk, U S. District C...
Easter... ...rt of Ten...

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

---------------------------------------------------------- )
)
EQUAL EMPLOYMENT OPPORTUNITY )
COMMISSION, )
                    Plaintiff, )   COMPLAINT
)
v. )   Civil Action No. 3:09-CV-434
)   Jordan/Shirley
SEYMOUR ZX, LLC, )
)   JURY DEMAND
                    Defendant. )
---------------------------------------------------------- )

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of retaliation and to provide appropriate relief to Jason Lee and Paige Kuhn, who were adversely affected by such retaliation. As alleged with greater particularity in paragraphs 7 through 10 below, the Equal Employment Opportunity Commission ("Commission") alleges that Seymour ZX, LLC ("Defendant Employer") retaliated against Jason Lee and Paige Kuhn for complaining of a sexually hostile work environment by terminating their employment.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.§§ 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Eastern District of Tennessee, Knoxville Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant Employer Seymour ZX, LLC, has continuously been a Limited Liability Company doing business in the State of Tennessee and the City of Seymour, and has continuously had at least 15 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h). Defendant Employer is a franchisee of Zaxby's, a chain of fast food restaurants mainly serving chicken items. Defendant Employer operates a store in Seymour, Tennessee and had about 26 employees during the relevant time period.

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Jason Lee and Paige Kuhn filed charges with the Commission alleging violations of Title VII by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. On or about April 14, 2008, Defendant Employer engaged in unlawful employment practices at its Seymour, Tennessee restaurant, in violation of Title VII, 42 U.S.C. § 2000e-3.

   a. Defendant Employer hired Mr. Jason Lee as a cashier/cook around January 2008.

   b. Defendant Employer hired Ms. Paige Kuhn as an assistant manager around January 2008.

   c. Defendant Employer promoted Ms. Joanne Hill to assistant manager around January 2008.

   d. On or about March 31, 2008, Mr. Lee complained to Defendant Employer of a sexually hostile work environment on account of his sex, male.

   e. Mr. Lee made his complaint directly to one of Defendant Employer's owners, Mr. Fred Weir.

   f. Mr. Weir did not take any action.

   g. On or about April 7, 2008, Ms. Kuhn sent an e-mail to Defendant Employer.

   h. In her e-mail, Ms. Kuhn complained about the failure of Defendant Employer to take Mr. Lee's complaint seriously.

   i. Ms. Kuhn also wrote that she was "seriously considering contacting the EEOC myself over this matter as I am afraid of losing my job over this complaint."

   j. Further, Ms. Kuhn stated that "I feel this way because any complaints I have made in the past have been completely dismissed and this is why I also told Jason originally to take his complaint to somebody higher ranking than myself."

k. Defendant Employer knew about Mr. Lee's complaint and received Ms. Kuhn's email.

l. On or about April 14, 2008, Mr. Lee was terminated as an employee.

m. On or about April 14, 2008, Ms. Kuhn was terminated as an employee.

8. The effect of the practices complained of in paragraphs 7 a – m above has been to deprive Mr. Lee and Ms. Kuhn of equal employment opportunities and otherwise adversely affect their status as employees because of retaliation.

9. The unlawful employment practices complained of in paragraphs 7 - 8 above were intentional.

10. The unlawful employment practices complained of in paragraphs 7 – 8 above were done with malice or with reckless indifference to the federally protected rights of Jason Lee and Paige Kuhn.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in retaliation.

B. Order Defendant Employer to institute and carry out policies, practices, and programs that provide equal employment opportunities for men and women and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant Employer to make whole Jason Lee and Paige Kuhn by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful

employment practices, including but not limited to reinstatement of Jason Lee and Paige Kuhn.

D. Order Defendant Employer to make whole Jason Lee and Paige Kuhn by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 7 – 10 above, including relocation expenses, job search expenses, in amounts to be determined at trial.

E. Order Defendant Employer to make whole Jason Lee and Paige Kuhn by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 7 - 10 above, including emotional distress, pain and suffering, embarrassment, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F. Order Defendant Employer to pay Jason Lee and Paige Kuhn punitive damages for its malicious and reckless conduct described in paragraphs 7 - 10 above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

**JAMES L. LEE**
Deputy General Counsel

**GWENDOLYN YOUNG REAMS**
Associate General Counsel
Washington, D.C.

*Faye Williams by MHC with permission*
**FAYE WILLIAMS**
Regional Attorney
TN Bar No. 11730

*Deidre Smith by MHC with permission*
**DEIDRE SMITH**
Supervisory Trial Attorney
TN Bar No. 18499

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
1407 Union Ave., Suite 621
Memphis, TN 38104
(901) 544-0140

*Mark Chen*
**MARK CHEN**
Trial Attorney
TN Bar No. 14268

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
50 Vantage Way, Suite 202
Nashville, TN 37228
(615) 736-2105